### 21078.  SUGGS *v.* JACKSON.

DECIDED APRIL 14, 1931.

*J. M. Lang,* for plaintiff.  *J. H. Paschall,* for defendant.

BLOODWORTH, J.  B. H. Suggs brought suit against O. G. Jackson, alleging: that the two were partners in a general merchandise business; that the plaintiff devoted his entire time to the business; that Jackson gave to the business only a small portion of his time; and that Jackson "agreed and contracted to pay plaintiff the value of time and service rendered and devoted to said business by plaintiff which was over and above that devoted by defendant;" that by reason of this agreement the defendant is indebted to him in the sum of $800 principal, besides interest; and the plaintiff prays judgment in his behalf.  By amendment to his

petition the plaintiff alleged that the above-stated contract was renewed each year, and that by reason of the fact that plaintiff is and was a competent business man, and operated and managed said mercantile business, and kept the books, and made a success of said business, and caused the same to prosper and make money, his services were well worth the sum of $50 per month to said partnership." Defendant filed a plea in which he admitted the existence of the partnership, but stated that "both plaintiff and defendant devoted their time to said business," and alleged that "the plaintiff was an inexperienced young man with no capital, and this defendant arranged for the necessary capital on which to go in business; that plaintiff could not have raised the necessary capital; and that whatever money was made in the business was the result of the fact that defendant helped plaintiff to get into the business, and helped him in the management and operation of the business, and he insists that it was he, and not "plaintiff, that was largely responsible for whatever business success they had." Further answering the defendant said: "that they separated in business in 1927, divided up their assets, and this suit is the first intimation that defendant ever had that plaintiff was claiming anything from defendant. . . He further says that since they dissolved partnership he has collected certain notes and accounts due Jackson and Suggs, and has always turned over to said Suggs the half due him; while plaintiff Suggs has also collected certain notes and accounts due the firm since they dissolved partnership, and has paid over to this defendant the half so collected and due defendant, and has never demanded from defendant the sum sued for, or any part thereof, or intimated that he was making any such claims."

The case was submitted to a jury, and the bill of exceptions recites that "after the plaintiff had introduced his evidence and rested his case the court sustained a motion of defendant's counsel and granted a nonsuit. During the same August term of said court the plaintiff filed his motion to reinstate said case, with a brief of all the evidence adduced on said trial, with order of court approving same as being a correct brief of said evidence. After the defendant had been served, and after a hearing and argument had in said matter, the court passed an order on November 1st, 1930, in open court and during said term of court, overruling said motion and refusing to reinstate said case, to which order the plaintiff then

and there excepted, and he here and now excepts to the same and assigns the same as error as being contrary to law and contrary to the evidence."

Under the evidence the court did not err in granting a nonsuit and thereafter in refusing to reinstate the case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*